# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **The Child of**

**Jeremiah W.,**
**Petitioner Below, Petitioner**

**vs)   No. 17-1139** (Wood County 17-D-63)

**Chandra O.,**
**Respondent Below, Respondent**

**FILED**

**June 17, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jeremiah W.,[1] pro se, appeals the November 16, 2017, order of the Circuit Court of Wood County denying his appeal from a September 22, 2017, order of the Family Court of Wood County that allocated parenting time between the parties with regard to their minor child. Respondent Chandra O., pro se, filed a response. The minor child's guardian ad litem, Attorney Robin S. Bonovitch, filed a response. Petitioner filed a separate reply to each response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the family court is affirmed, in part, and reversed, in part, and this case is remanded to the family court with directions to strike the provision from its September 22, 2017, order, which allocated parenting time to respondent for the holidays of Hanukkah and Kwanzaa as the record reflects that neither parent celebrates those holidays.

The parties were never married, but have a six-year-old child together. Their case originated in Washington County, Ohio. In 2013, the Washington County Common Pleas Court

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

designated respondent as the primary residential parent and awarded petitioner standard visitation with the child in accordance with Ohio law. However, the parties' case was subsequently transferred to Wood County, West Virginia, as respondent and the child now reside there. On February 10, 2017, petitioner filed a petition in the Wood County Family Court ("family court") seeking allocation of parenting time between the parties. By temporary order entered April 18, 2017, the family court found that respondent "shall remain the primary residential custodial parent of the child." The family court allocated petitioner parenting time with the child from 5:00 p.m. to 9:00 p.m. every Wednesday and from 5:00 p.m. on Friday to 5:00 p.m. on Sunday every other weekend. During the school year, the family court ruled that petitioner's Wednesday parenting time shall continue overnight with the child "return[ing] to the care of [respondent] on Thursday morning" and that, on those Mondays when there is no school, petitioner's weekend parenting time shall continue through Monday at 5:00 p.m. The family court awarded petitioner phone contact with the child on Mondays between the hours of 7:00 p.m. through 8:00 p.m. Finally, the family court appointed Attorney Robin S. Bonovitch as the child's guardian ad litem ("GAL").

The family court held a status hearing on June 9, 2017. The family court found that the parties needed to agree on which elementary school the child would attend for kindergarten during the 2017-2018 school and set the parties' case for a final hearing on August 7, 2017. At the beginning of the August 7, 2017, final hearing,[2] the GAL reported that the elementary school issue had been resolved with respondent's enrollment of the child at an appropriate school. Thereafter, petitioner asked for parenting time to be evenly divided between the parties. The family court denied petitioner's request, finding that no factual basis existed for such a ruling given that there was no past history of petitioner exercising equal parenting time. On the other hand, the family court found that respondent could not place limitations on petitioner's parenting time and denied respondent's requests to be petitioner's "first choice" for daycare when he has to work during his parenting time and to prohibit petitioner from having his girlfriend supervise the parties' child when he is unavailable. The family court found that there was no evidentiary basis for it to prohibit petitioner's girlfriend from supervising the parties' child. The family court informed respondent that she could re-raise the issue if new evidence was revealed. At that point, the GAL confirmed to the family court that she investigated and found that the parties' mutual allegations of domestic violence in each other's household to be unsubstantiated. The GAL further confirmed that the parties were "decent people," but that each was unable to cooperate with the other.

The family court then considered both parties' proposed parenting plans, but adopted respondent's parenting plan for the school year as modified by the court. Respondent proposed that petitioner have parenting time with the child on Tuesdays and Thursdays from 5:00 p.m. to 8:00 p.m. Petitioner countered that he should be allowed to continue with Wednesday overnight visitation because it gave him more time with the child. The family court agreed with petitioner, finding that he may take the child to school Thursday mornings. However, the family court denied petitioner's request to extend his weekend visitation overnight into Monday mornings based on respondent's objection to the same. Regarding summer break, the family court adopted petitioner's proposal that each party have parenting time with the child one week at a time, beginning at 6:00 p.m. on Sunday and ending at 6:00 p.m. on the following Sunday. During one parent's week, the

---

[2]The video recording of the August 7, 2017, final hearing has been reviewed.

family court found that the other parent has the Wednesday overnight visitation except for one "vacation week" designated by each parent when there would be no Wednesday overnight visitation.

Regarding holidays, each party wanted to take the child trick-or-treating for Halloween, but respondent stated that it was her favorite holiday. Accordingly, the family court allocated parenting time to respondent on Halloween every year, finding that trick-or-treating occurs at various times and at various locations around Halloween. The family court found that petitioner could take the child trick-or-treating during his regular parenting time. Petitioner then raised the issue of the Fourth of July, stating that he would like to return the child to respondent at a later time because he wanted to take the child to see fireworks. Respondent responded that she put 8:00 p.m. as the end time for holiday visitation because that was the time suggested by petitioner. Petitioner conceded that he suggested 8:00 p.m., but stated that there should be an exception for Fourth of July fireworks. The family court ruled that 8:00 p.m. was the end time for the Fourth of July holiday, finding that fireworks were held at the various times throughout the year and for various events and that petitioner could take the child to see fireworks on one of those occasions. Regarding the Christmas holiday, petitioner requested that the family court divide the entire December break from school between the parties. The family court denied petitioner's request, dividing only Christmas Eve and Christmas Day between the parties based on alternating even and odd years. The family court found that dividing the entire Christmas break in addition to Christmas Eve and Christmas Day would lead to frequent transfers between potentially bickering parents and it was not going to subject the child to such acrimony. Therefore, the family court generally adopted respondent's parenting plan with regard to holidays, but found that petitioner's proposed holiday schedule was "pretty close to [respondent's]."

The family court memorialized its rulings from the August 7, 2017, final hearing in an order entered September 22, 2017. In its order, the family court did not note the parties' rejected requests regarding the allocation of parenting time or respondent's rejected requests to restrict petitioner's authority to choose daycare and to allow his girlfriend to supervise the parties' child during his parenting time. Rather, the family court set forth the parenting time schedule as fashioned at the final hearing. The family court found that "all other provisions and orders not modified herein shall remain in effect[.]" Among those "other provisions" were the family court's designation of respondent as the primary residential parent and petitioner's phone contact with the parties' child on Mondays between the hours of 7:00 p.m. through 8:00 p.m. as previously set forth in the April 18, 2017, temporary order. Problematically, in its September 22, 2017, order, the family court also allocated respondent parenting time for Hanukkah and Kwanzaa despite the fact that those holidays were never discussed at the final hearing and the record reflects that neither parent celebrates them.

Petitioner appealed the family court's September 22, 2017, order to the Wood County Circuit Court ("circuit court"). Petitioner argued that the family court failed to consider his proposed parenting plan and erred in its allocation of parenting time between the parties. By order entered November 16, 2017, the circuit court denied petitioner's appeal, finding that the family court "considered the proposed parenting plans submitted by the parties" and that "the parenting plan adopted by the [f]amily [c]ourt was not an abuse of discretion[,] but was reasonable and fair

in its allocation of parenting time and custodial responsibility and consistent with the child's best interests."

Petitioner now appeals the circuit court's denial of his appeal from the family court's September 22, 2017, order allocating parenting time between the parties with regard to their child. We review this matter under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner raises a multitude of objections to the family court's final order as assignments of error. Respondent and the GAL counter that petitioner's assignments of error are without merit. We note that petitioner's many arguments amount to a request that we reweigh the evidence before the family court. However, "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Based on our review of the appellate record, including the video recording of the August 7, 2017, final hearing, we find that the evidence and testimony was such that the family court was free to allocate parenting time between the parties as it did in its September 22, 2017, order, except for the allocation of parenting time to respondent for Hanukkah and Kwanzaa. We find that no evidence suggests that either parent celebrates those holidays and that the family court allocated respondent parenting time for Hanukkah and Kwanzaa despite the fact that neither holiday was raised at the final hearing. Because there is no support in the record for allocating respondent parenting time for Hanukkah and Kwanzaa, we find that the family court abused its discretion in doing so. While inclusion of those holidays in the September 22, 2017, order, may have been inadvertent, given the acrimony existing between the parties, we find it proper to reverse the circuit court's denial of petitioner's appeal from the family court's September 22, 2017, order and remand this case to the family court with directions that the court strike this provision from its order.

We also address two assignments of error that are based on statutory law. Petitioner first argues that the family court should have reduced respondent's parenting time pursuant to West Virginia Code § 48-9-209(a)(4) because she persistently interferes with the exercise of his parenting time. West Virginia Code § 48-9-209(b) provides, in pertinent part, that "[i]f a parent is found to have engaged in any activity specified by subsection (a) of this section, the court shall impose limits that are reasonably calculated to protect the child or child's parent from harm."[3]

---

[3]While West Virginia Code § 48-9-209 also permits the restriction of parenting time based on credible information that a parent has committed domestic violence, as noted *supra*, the GAL investigated and found that the parties' mutual allegations of domestic violence in each other's household to be unsubstantiated.

4

Upon review of the record, we find that petitioner's reliance on West Virginia Code § 48-9-209 is misplaced. As reported by the GAL at the final hearing, each of the parties experiences difficulty in cooperating with the other. While such uncooperativeness disadvantages the child, we find that neither party's actions warrant the application of West Virginia Code § 48-9-209 given the GAL's report that the parties were "decent people" despite the fact that they cannot cooperate with each other.

Second, petitioner argues that the family court failed to set forth a complete parenting plan in its September 22, 2017, order as required by West Virginia Code § 48-9-205. In *Skidmore v. Rogers*, 229 W.Va. 13, 19, 725 S.E.2d 182, 188 (2011), we found that "[p]ursuant to West Virginia Code § 48-9-205, [parenting] plans must establish the child's living arrangements, designate each parent's custodial responsibility, create a visitation schedule for the other parent[,] and allocate decision-making responsibility between the parents." Here, the family court noted that "all other provisions and orders not modified herein shall remain in effect." Based on a review of the record, we find that, when viewed as a whole, the family court's rulings in the April 18, 2017, temporary order, its rulings at the August 7, 2017, final hearing, and its rulings in its September 22, 2017, order satisfied West Virginia Code § 48-9-205 by establishing the child's living arrangements, designating each parent's custodial responsibility, creating a visitation schedule for the other parent, and allocating decision-making responsibility between the parents. In addition, except for the erroneous allocation of parenting time to respondent for Hanukkah and Kwanzaa, we concur in the circuit court's finding that the family court's parenting plan was "reasonable and fair . . . and consistent with the child's best interests." *See* Syl. Pt. 3, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding "[a]lthough parents have substantial rights that must be protected, the primary goal in cases involving . . . family law matters . . . must be the health and welfare of the children"); *Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989) (finding that "the best interests of the child is the polar star by which decisions must be made which affect children").

As explained *supra*, the erroneous allocation of parenting time to respondent for Hanukkah and Kwanzaa necessitates a remand for the limited purpose of striking that provision from the family court's September 22, 2017, order. For the foregoing reasons, we reverse the circuit court's November 16, 2017, order denying petitioner's appeal and affirm, in part, and reverse, in part, the family court's September 22, 2017, order. We reverse the family court's September 22, 2017, order only with regard to that provision allocating parenting time to respondent for the holidays of Hanukkah and Kwanzaa and remand this case to the family court with directions that the court strike the provision from its order as the record reflects that neither parent celebrates those holidays.

Affirmed, in part, Reversed, in part,
and Remanded with Directions.

**ISSUED**:   June 17, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison